PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS, Esq. (SBN 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787

Attorneys for Plaintiff
ZACHARY T. WOODFORD

HENRY A. WIRTA, JR.
HARRINGTON, FOXX, et al.
655 Montgomery St., Suite 1100
San Francisco, CA 94111
Telephone: 415/288-6600
Facsimile: 415/288-6618
hwirta@hfdclaw.com

Attorneys for Defendants
ROARING CAMP RAILROADS
ROARING CAMP, INC.
GEORGIANA CLARK
MARGARET BURKETT and
DAVID K. WOOD

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY T. WOODFORD, | CASE NO. C09-00990 JW |
| Plaintiff, | Civil Rights |
| v. | CONSENT DECREE AND [PROPOSED] ORDER |
| ROARING CAMP RAILROADS; ROARING CAMP, INC.; GEORGIANA CLARK; MARGARET BURKETT; DAVID K. WOOD; AND DOES 1-10, INCLUSIVE, | |
| Defendants. | |

1. Plaintiff ZACHARY T. WOODFORD filed a Complaint in this action on

March 6, 2009, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and California civil rights laws against Defendants ROARING CAMP RAILROADS, ROARING CAMP, INC., GEORGIANA CLARK, MARGARET BURKETT, and DAVID K. WOOD, relating to the condition of their public accommodations as of March 23, 2008, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at Roaring Camp Railroads, located at 5401 Graham Hill Road, Felton, California.

2. Defendants ROARING CAMP RAILROADS, ROARING CAMP, INC., GEORGIANA CLARK, MARGARET BURKETT, and DAVID K. WOOD deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. Plaintiff ZACHARY T. WOODFORD, defendants ROARING CAMP RAILROADS, ROARING CAMP, INC., and GEORGIANA CLARK, hereinafter collectively, "the parties," hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation and without the admission of any liability. As part of this Consent Decree and Order plaintiff ZACHARY T. WOODFORD agrees to dismiss with prejudice defendants MARGARET BURKETT and DAVID K. WOOD after receiving payment of damages and attorney fees, litigation expenses and costs.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-00990 JW                    -2-                S:\CASES\R\ROARING CAMP\PLEADINGS\Roaring Camp Consent Decree FINAL.wpd

**JURISDICTION:**

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.*, and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief, damages, and attorney fees, litigation expenses, and costs, raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief, **damages, and attorney fees, litigation expenses, and costs.**

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed

in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

7. **Remedial Measures:**

   a. Defendants ROARING CAMP RAILROADS, ROARING CAMP, INC., and GEORGIANA CLARK agree to perform corrective work at Roaring Camp Railroads, located at 5401 Graham Hill Road, Felton, California. The scope of the corrective work agreed upon by the parties is detailed in the list of remedial measures attached hereto as **Attachments A and C.**

   b. Defendants ROARING CAMP RAILROADS, ROARING CAMP, INC., and GEORGIANA CLARK agree to institute written policies and train Roaring Camp Railroad staff as delineated in **Attachment B**.

8. **Timing of Injunctive Relief:** For work requiring permits, defendants ROARING CAMP RAILROADS, ROARING CAMP, INC., and GEORGIANA CLARK will submit plans for all corrective work to the appropriate governmental agencies within 60 days of entry of this Consent Decree and Order by the Court. Defendants ROARING CAMP RAILROADS, ROARING CAMP, INC., and GEORGIANA CLARK will commence work within 45 days of receiving approval from the appropriate agencies. For work not requiring building permits, the work will be completed within 150 days of entry of this Consent Decree and Order by the Court. In the event that unforeseen difficulties prevent Defendants ROARING CAMP RAILROADS, ROARING CAMP, INC., and GEORGIANA CLARK from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-00990 JW   −4−   S:\CASES\R\ROARING CAMP\PLEADINGS\Roaring Camp Consent Decree FINAL.wpd

in writing within 15 days of discovering the delay. Defendants ROARING CAMP RAILROADS, ROARING CAMP, INC., and GEORGIANA CLARK or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 210 days from the entry of this Consent Decree.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

9. The parties have reached an agreement regarding Plaintiff's claims for damages, and Defendants ROARING CAMP RAILROADS, ROARING CAMP, INC., and GEORGIANA CLARK have agreed to pay $40,000.00 (forty thousand dollars) to Plaintiff on or before April 2, 2010, in full satisfaction of Plaintiff's claims for all damages, including personal injury, civil rights, and all other forms of damages. It is agreed that the $40,000.00 payment is for personal injuries of the plaintiff. The parties have also reached an agreement regarding Plaintiff's claims for attorney fees, litigation expenses, and costs, and Defendants ROARING CAMP RAILROADS, ROARING CAMP, INC., and GEORGIANA CLARK have agreed to pay $85,700.00 (eighty-five thousand, seven hundred dollars) to Plaintiff in full satisfaction of Plaintiff's claims for all attorney fees, litigation expenses, and costs on or before April 2, 2010.

**ENTIRE CONSENT ORDER:**

10. This Consent Decree and Order and Attachments A and B to this Consent Decree, which are incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing parties on the matters of injunctive relief, damages, and attorney fees, litigation expenses, and costs.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-00990 JW

−5−

S:\CASES\R\ROARING CAMP\PLEADINGS\Roaring Camp Consent Decree FINAL.wpd

## CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

11. This Consent Decree and Order shall be binding on the parties and all successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

## MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:

12. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-00990 JW
-6-
S:\CASES\R\ROARING CAMP\PLEADINGS\Roaring Camp Consent Decree FINAL.wpd

13. Except for all obligations required in this Consent Decree, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

## TERM OF THE CONSENT DECREE AND ORDER:

14. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

## SEVERABILITY:

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

16. Signatories on the behalf of the parties represent that they are authorized to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: 3-29, 2010          PLAINTIFF ZACHARY T. WOODFORD

                           _____
                           ZACHARY T. WOODFORD

Dated: _____, 2010       DEFENDANT ROARING CAMP RAILROADS

                           By: _____

Dated: _____, 2010       DEFENDANT ROARING CAMP, INC.

                           By: _____

Dated: _____, 2010       DEFENDANT GEORGIANA CLARK

                           By: _____

APPROVED AS TO FORM:

Dated: 3/30, 2010          PAUL L. REIN
                           CELIA McGUINNESS
                           LAW OFFICES OF PAUL L. REIN

                           By: _____
                           Attorneys for Plaintiff
                           ZACHARY T. WOODFORD

Dated: _____, 2010       Henry A. Wirta, Jr., Esq.
                           HARRINGTON, FOXX, et al.

bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: _____, 2010        PLAINTIFF ZACHARY T. WOODFORD


                               _____
                               ZACHARY T. WOODFORD

Dated: April 2, 2010           DEFENDANT ROARING CAMP RAILROADS


                               By: _____Georgiana P Clark_____

Dated: April 2, 2010           DEFENDANT ROARING CAMP, INC.


                               By: _____Georgiana P Clark_____

Dated: April 2, 2010           DEFENDANT GEORGIANA CLARK


                               By: _____Georgiana P Clark_____

APPROVED AS TO FORM:

Dated: _____, 2010        PAUL L. REIN
                               CELIA McGUINNESS
                               LAW OFFICES OF PAUL L. REIN


                               By: _____
                               Attorneys for Plaintiff
                               ZACHARY T. WOODFORD

Dated: 4-2, 2010               Henry A. Wirta, Jr., Esq.
                               HARRINGTON, FOXX, et al.

_____
Attorneys for Defendants
ROARING CAMP RAILROADS
ROARING CAMP, INC.
GEORGIANA CLARK, MARGARET
BURKETT and DAVID K. WOOD

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

The Clerk shall close this file.

Dated: April 15, 2010

_____
Honorable JAMES WARE
United States District Judge

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-00990 JW

—9—

S:\CASES\R\ROARING CAMP\PLEADINGS\Roaring Camp Consent Decree FINAL.wpd

**ATTACHMENT A: REMEDIATION**

I.  PARKING: Defendants will make the parking lot compliant, including but not limited to:

   A.   Stripe eight accessible parking spaces, one of which is van-accessible;
   B.   Place them so that the path of travel from the parking space to the facility does not pass behind any car other than the disabled person' own;
   C.   Install asphalt or stabilized decomposed granite surface at the accessible parking spaces and along the path of travel from the accessible spaces to the facility entrance;
   D.   Provide compliant signage;
   E.   Stripe to provide compliant size and accessible aisles;
   F.   Remove the existing portable restroom, or provide and accessible route of travel.

II. PATH OF TRAVEL THROUGHOUT THE FACILITY:
   A.   Maintain all paths in a firm, stable and smooth condition with a cross-slope no greater than 2%;
   B.   Where running slope exceeds 5%, paths shall comply with all CBC and ADAAG requirements for ramps;
   C.   Install stabilized decomposed granite or other firm, stable and slip-resistant surface at the following locations:
      1.   The ramp and stairs to the duck pond, unless defendant permanently closes it;
      2.   All rail crossings;
         a.   Rail crossings shall have no greater than 2.5" gap between the path of travel surface and the rail.
      3.   At the new path of travel is being installed to avoid the current excessive slope near the school house and duck pond;
      4.   The walk way connecting to Henry Cowell State Park, up to defendants' property line;
      5.   The ramp serving the Snack Bar at its current location; and any ramp installed when the Red Caboose Saloon and/or Snack Bar is moved;
      6.   On each side of the bridge to the Chuck Wagon BBQ for a minimum distance of 5 feet;
      7.   The path of travel between the Bear Mountain train stop and the Bear Mountain restrooms;
      8.   The path of travel to the accessible seating at the Bear Mountain picnic area
      9.   Any path of travel at Roaring Camp and/or Bear Mountain are which has a running slope equal to or greater than 5%.

III. COVERED BRIDGE:

    A.    Extend the approach on either side of the bridge with a maximum slope less than or equal to 8.33%;
    B.    Install handrails along the inclined portions of the bridge;
    C.    Replace decking where necessary to maintain ½" maximum openings perpendicular to the dominant direction of travel.

IV.    DRINKING FOUNTAINS: All drinking fountains at the site either shall be made accessible or removed.

V.    MARSHALL'S OFFICE: The flag sign will be relocated to ensure it does not project more than four inches into the walkway, at a height between 27" and 80" above the finished floor (AFF).

VI.    SCHOOL HOUSE:
    A.    Provide at least one accessible path of travel via a ramp to the school house;
    B.    Provide an accessible picnic table;
    C.    Post an ISA sign on the picnic table;
    D.    Provide directional signage to the accessible entrance.

VII.    VILLAGE PRINT SHOP:
    A.    Provide contrast striping on all stair treads;
    B.    Provide compliant handrails on both sides of the stairway;
    C.    Replace decking where necessary to maintain ½" maximum openings perpendicular to the dominant direction of travel;
    D.    Reconfigure awning support to be less than 4" protrusion into the walkway between 27" and 80" AFF, or install a fixed object underneath to route visually impaired persons around the projection.

VIII.    PHOTO STUDIO:
    A.    Provide contrast striping on all stair treads;
    B.    Provide compliant handrails on both sides of the stairway;
    C.    Provide ramp with a maximum 8.33% running slope;
    D.    Provide lever hardware on the door;
    E.    Post ISA signage at the door;
    F.    Provide a compliant door threshold;
    G.    Provide an accessible dressing area.

IX.    BRET HARTE HALL:
    A.    Relocate the information box at the front door or provide a fixed barrier below it;
    B.    Post an ISA signage at each entrance and exit;
    C.    Replace or adjust the door closers in order to attain 5 lbs maximum door pressure;
    D.    Remove door stops to provide a minimum 10" high smooth bottom surface to the entrance doors;

E.	Provide a wheelchair lift available for use at the stage.

X.	GENERAL STORE:
    A.	Provide a 60" minimum deep level exterior landing at the accessible entrance and provide a maximum ½" high threshold at the accessible entrance OR put in automatic door openers;
    B.	Provide contrast striping on all stair treads at the interior and exterior of the store;
    C.	Provide compliant handrails on both sides of the stairways at the interior and exterior of the store;
    D.	Post directional signage to the accessible entrance and path of travel;
    E.	Renovate the width of one door opening at the accessible entrance to provide minimum 32" clear opening OR install an automatic double door opener;
    F.	Provide lever hardware on entrance and exit doors;
    G.	Remove door stops to provide a minimum 10" high smooth bottom surface to the entrance doors;
    H.	At the upper service counter, provide a lowered counter 34" AFF for at least 36" in length;
    I.	Provide one fully compliant interior ramp from the lower level of the store to the upper customer service counter and intermediate level, including but not limited to ramp slope, width, landing and handrails;
    J.	Provide signage indicating the accessible path of travel between the lower and upper levels, and to the accessible customer service counter.

XI.	TICKET OFFICE:
    A.	Provide signage indicating which window is accessible.

XII.	RED CABOOSE SALOON and SNACK BAR:
    A.	When the new Red Caboose Saloon and Snack Bar are constructed each will be fully compliant, including but not limited to compliant paths of travel to and between them and compliant tables and seating;
    B.	In the interim, defendants will do the following <u>on each building</u>:
        1.	Provide a counter 34" AFF for 36" length;
        2.	Provide a compliant ramp, including but not limited to maximum 8.33% slope and handrails;
        3.	Provide signage indicating the accessible path of travel and accessible counter;
        4.	Provide 5% accessible tables and seating at existing eating areas.

XIII.	CHUCK WAGON BBQ
    A.	Install edge protection at the bridge;
    B.	Make 5% of seating in the picnic area accessible, dispersed throughout the area;
    C.	Provide a lift available for use at the stage.

    E.    Provide a wheelchair lift available for use at the stage.

X.    GENERAL STORE:
    A.    Provide a 60" minimum deep level exterior landing at the accessible entrance and provide a maximum ½" high threshold at the accessible entrance OR put in automatic door openers;
    B.    Provide contrast striping on all stair treads at the interior and exterior of the store;
    C.    Provide compliant handrails on both sides of the stairways at the interior and exterior of the store;
    D.    Post directional signage to the accessible entrance and path of travel;
    E.    Renovate the width of one door opening at the accessible entrance to provide minimum 32" clear opening OR install an automatic double door opener;
    F.    Provide lever hardware on entrance and exit doors;
    G.    Remove door stops to provide a minimum 10" high smooth bottom surface to the entrance doors;
    H.    At the upper service counter, provide a lowered counter 34" AFF for at least 36" in length;
    I.    Provide one fully compliant interior ramp from the lower level of the store to the upper customer service counter and intermediate level, including but not limited to ramp slope, width, landing and handrails;
    J.    Provide signage indicating the accessible path of travel between the lower and upper levels, and to the accessible customer service counter.

XI.    TICKET OFFICE:
    A.    Provide signage indicating which window is accessible.

XII.    RED CABOOSE SALOON and SNACK BAR:
    A.    When the new Red Caboose Saloon and Snack Bar are constructed each will be fully compliant, including but not limited to compliant paths of travel to and between them and compliant tables and seating;
    B.    In the interim, defendants will do the following <u>on each building</u>:
        1.    Provide a counter 34" AFF for 36" length;
        2.    Provide a compliant ramp, including but not limited to maximum 8.33% slope and handrails;
        3.    Provide signage indicating the accessible path of travel and accessible counter;
        4.    Provide 5% accessible tables and seating at existing eating areas.

XIII.    CHUCK WAGON BBQ
    A.    Install edge protection at the bridge;
    B.    Make 5% of seating in the picnic area accessible, dispersed throughout the area;
    C.    Provide a lift available for use at the stage.

XIV. BEAR MOUNTAIN PICNIC AREA: Provide 5% accessible seating.

XV. BEAR MOUNTAIN WOMEN'S RESTROOM:
   A. Provide compliant signage;
   B. Provide a pull handle on the interior of the accessible stall;
   C. Relocate the toilet paper dispenser far edge to a maximum 36" from the rear wall;
   D. Lower the paper towel dispenser to maximum 40" AFF.

XVI. BEAR MOUNTAIN MEN'S RESTROOM:
   A. Provide compliant signage;
   B. Provide a pull handle on the interior of the accessible stall;
   C. Relocate the toilet paper dispenser far edge to a maximum 36" from the rear wall;
   D. Lower the paper towel dispenser to maximum 40" AFF;

XVII. WOMEN'S RESTROOM NEAR TRAIN STATION:
   A. Maintain the exterior door push pressure at or less than 5 lbs;
   B. Provide compliant signage;
   C. Provide a pull handle on the interior of the accessible stall;
   D. Relocate the toilet paper dispenser far edge to a maximum 36" from the rear wall;
   E. Widen the door opening in the semi-ambulatory stall to minimum 32" clear;
   F. Lower the baby changing table to a deployed height of maximum 34" AFF, and ensure the handle height is no greater than 40".

XVIII. MEN'S RESTROOM NEAR TRAIN STATION:
   A. Maintain the exterior door push pressure at or less than 5 lbs;
   B. Replace or adjust door closer to take 3 or more seconds to close;
   C. Provide compliant signage;
   D. Replace or adjust the self-closing device on the accessible stall;
   E. Provide a pull handle on the interior of the accessible stall;
   F. Relocate the toilet paper dispenser far edge to a maximum 36" from the rear wall;
   G. Lower the paper towel dispenser to maximum 40" AFF.

XIX. TRAINS
   A. Provide two vertical wheelchair lifts specifically designed for use on trains, placing one each at Roaring Camp and at Bear Mountain;
   B. Remediate every covered train car as follows:
      1. Built up the interior floor so it is flush as shown in Attachment C.
      2. Provide 2 30" x 48" wheelchair seating spaces at one end of each car as shown in Attachment C.

## ATTACHMENT B: POLICIES

Defendants will establish and enforce the following written policies:

I. Staff will check entry and exit doors monthly to ensure they are maintained at no more than 5 lbs push pressure;
II. Whenever Bret Harte Hall or the Chuck Wagon BBQ area is being reserved, staff will ask whether the portable wheelchair lift may be required for the stage, and provide it at no extra charge whenever requested; the same information will be easily available on any Roaring Camp Railroad web site.
III. If the lift(s) used at Bret Harte Hall and the Chuck Wagon BBQ is/are not self-operable, defendant will provide staff trained in lift use for the duration of the event, whenever it is requested, without additional charge;
IV. At the ticket office, if only one window is open for business, it will be the accessible window.
V. When the train is loading a wheelchair passenger, both folding platforms will be lowered to enable the passenger to maneuver.
VI. At least one wheelchair-accessible train car will be attached to each train at all times. Additional accessible cars will be added to each train as necessary to accommodate all wheelchair users who have purchased a ticket for any given trip and who provide Roaring Camp with at least 24 hours notice before their trip.



Proposed Conceptual Accessible Train Plan (not for construction)
Roaring Camp Railroads

not to scale
03.2010